BAKER *v.* HARRIS.

Opinion delivered January 28, 1929.

*Robert Bailey* and *Robert F. Smith,* for appellant.

*H. W. Applegate,* Attorney General, *Troy W. Lewis,* and *Adrian Williamson,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of Faulkner County against appellees to enjoin them from enforcing three orders issued from the office of the Adjutant General of the State of Arkansas and Chief of Staff of the Governor as Commander in Chief of the Arkansas National Guard. The first order was issued on April 26, 1928, and is as follows:

"1. A detached officers' list and a detached enlisted men's list is hereby created for the Arkansas National Guard. Officers and enlisted men not assigned to duty with any branch or bureau shall be carried on the detached officers' list and the detached men's list, respectively. Officers and enlisted men may be transferred from duty with any branch and assigned to the detached officers' list and the detached men's list respectively.

"By order of the Governor:

"Joe S. Harris,
"Brig. Gen. A. G. D. Ark. N. G.
"The Adjutant General."

The second order was issued on April 27, 1928, and is as follows:

"1. Colonel James H. A. Baker, infantry, Arkansas National Guard, is hereby relieved as commanding officer 153rd Infantry, Arkansas National Guard, and is transferred and assigned to the detached officers' list.

"2. Upon his request, the resignation of Brigadier General Heber L. McAlister, adjutant general's department, Arkansas National Guard Reserve, is hereby accepted.

"3. Heber L. McAlister is appointed colonel infantry Arkansas National Guard, and assigned to com-

mand the 153rd Infantry, Arkansas National Guard, vice James H. A. Baker, transferred to the DOL.

"By order of the Governor:

"Joe S. Harris,

"Brig. Gen. A. G. D. Ark. N. G.

"The Adjutant General."

The third order was issued on April 28, 1928, and is as follows:

"1. Regimental headquarters, 153rd Infantry, Arkansas National Guard, is hereby transferred from Russellville, Arkansas, to Conway, Arkansas.

"By order of Governor:

"Joe S. Harris,

"Brig. Gen. A. G. D. Ark. N. G.

"The Adjutant General."

The gist of the complaint is that the orders, if not enjoined, will deprive appellant of his command as colonel in the Arkansas National Guard, after being recognized by the Federal Government, and will effect his discharge from the Arkansas National Guard without a trial by court-martial or an efficiency board.

In addition to filing a demurrer attacking the jurisdiction of civil courts in military matters, appellees filed an answer, denying that the orders will have the effect alleged, but, on the contrary, their only effect will be to relieve appellant of his assignment to duty as commander of the 153rd regiment infantry, without a trial by court-martial or an efficiency board.

The chancery court heard the cause upon the pleadings and testimony adduced, and upon his own motion transferred the case to the circuit court. There the appellees filed a motion to dismiss appellant's complaint, which was submitted and heard upon the pleadings and documentary evidence filed in the chancery court and transmitted to the circuit court, from which the trial court found:

"That the Governor of Arkansas, as commander-in-chief of the Arkansas National Guard, through the adjutant general as his chief of staff, had and has authority

to issue and to enforce the orders complained of by plaintiff, creating the detached officers' list for the Arkansas National Guard, and relieving plaintiff from command of the 153rd infantry regiment, and commissioning the defendant, Heber L. McAlister, as colonel in the Arkansas National Guard and assigning him to duty as commanding officer of said regiment, and transferring the headquarters of said regiment from Russellville, Arkansas, to Conway, Arkansas; and that defendant's motion should therefore be sustained.''

Pursuant to the findings, the court dismissed appellant's cause of action, from which he has duly prosecuted an appeal to this court.

Appellant contends for a reversal of the judgment upon the alleged grounds that the Governor of the State, as commander-in-chief of the State forces, does not have discretionary power to create a detached officers' list for the officers of the national guard, and to place active federally recognized officers upon said detached officers' list.

There can be no doubt that the Governor, as commander-in-chief of the Arkansas National Guard, is vested with discretionary authority to create a detached officers' list for the Arkansas National Guard, under State and Federal statutes providing as follows:

''The Governor is hereby authorized, and it shall be his duty, to prescribe such regulations as he may see fit for the organization of the 'Arkansas National Guard', and he shall from time to time, as he may deem for the best interests of the service, change such regulations, which shall be in accordance with this act, and shall conform as near as practicable to the organization of the army of the United States.'' Section 7171, Crawford & Moses' Digest of Arkansas.

''Organization of National Guard Units. Except as otherwise specified herein, the organization of the national guard, including the composition of all units thereof, shall be the same as that which is or may hereafter be prescribed for the regular army, subject in time

of peace to such general exceptions as may be authorized by the Secretary of War." Section 60 National Defense Act.

"Composition of the Regular Army. The regular army of the United States shall consist of the infantry, the cavalry, the field artillery, * * * detached officers; detached enlisted men; the officers and enlisted men of the retired list;" etc. Section 2 National Defense Act.

"Detached Officers and Enlisted Men. All officers and enlisted men authorized by law and not assigned to duty with any branch or bureau herein provided for shall be carried on the detached officers' list and detached enlisted men's list, respectively." Section 25, National Defense Act.

There is also no doubt that the Governor, as commander-in-chief of the Arkansas National Guard, is vested with discretionary authority to transfer officers from one command to another or from any command to the detached officers' list in the Arkansas National Guard, although such officers have been federally recognized, without a trial by court-martial or before an efficiency board, provided no attempt is made to relieve them of their office. The only constitutional or statutory inhibition is that officers in either the army or national guard cannot be removed from office without a trial, either before a court-martial or an efficiency board. By reference to general orders numbers 7 and 67, heretofore quoted, it will be observed that the Governor did not attempt to deprive the appellant of his office and commission as colonel in the Arkansas National Guard. The only thing he did was to relieve the appellant of his assignment to duty as commanding officer of the 153rd regiment infantry, and to assign him to the detached officers' list. It is stated at page 676, 40 C. J., that: "The Governor may, in the exercise of the discretion vested in him, relieve officers (of the national guard) from command." And on page 1058, par. 52, 18 R. C. L., that: "In disbanding a part of the organized militia and placing officers on the supernumerary or retired list there is no

violation of the constitutional provision which forbids removal from office of any commissioned officers of the militia except through the sentence of the court-martial." In the case of *Grove* v. *Mott*, 46 N. J. Law 328, 50 Am. Rep. 424, the court stated:

"The argument that the section of the act under which Major General Mott placed the officers of the disbanded company on the retired list is in conflict with the Constitution of the State, is fallacious. It is contended that it violates article 7, § 1, paragraph 6, which forbids the removal from office of commissioned officers of the militia, except through a sentence of court-martial. The answer is that the officers of the disbanded company have not been removed from office. The framers of the national guard act knew the difference between taking away an officer's commission and placing him on the retired list. This court not having jurisdiction over the subject-matter brought here by the writ, it is dismissed."

The Governor, as commander-in-chief of the national guard of Arkansas, is invested with authority to relieve officers (of the national guard) from any particular command and place them on the detached officers' list under the following constitutional and statutory provisions, to-wit:

"The Congress shall have power: * * * To provide for the organization, arming and disciplining of the militia, and for governing such part of them as may be employed in the service of the United States, reserving to the States, respectively, the assignment of the officers, and the authority of training the militia according to the discipline prescribed by Congress." Art. 1, § 8, of the Constitution of the United States.

"The militia shall consist of * * * and shall be organized, officered, armed and equipped and trained in such manner as may be provided by law." Art. 11, § 1, of the Constitution of Arkansas.

"The Governor shall be commander-in-chief of the military and naval forces of this State, except when they

shall be called into the actual service of the United States." Art. 6, § 6, of the Constitution of Arkansas.

"The Governor of this State, by virtue of this office, shall be the commander-in-chief of the military forces of this State." Section 7169, Crawford & Moses' Digest.

"The Governor is hereby authorized, and it shall be his duty, as soon as practicable after the passage of this act, to establish and prescribe such rules, regulations, forms and precedents, not inconsistent with the Constitutions of the United States and of this State, as he may deem proper and necessary for the organization, government, discipline and instruction of the Arkansas National Guard and reserve militia. He shall from time to time issue such general and special orders as may be requisite to render the military forces of this State efficient and its organization complete, * * * and shall have full control and authority over all matters touching the militia, its organization and discipline." Section 7173, Crawford & Moses' Digest.

"All officers in the military service of this State shall be appointed and commissioned by the Governor, at his discretion." Section 7193, Crawford & Moses' Digest.

No error appearing, the judgment is affirmed.